UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEHDI GABAYZADEH,

          Plaintiff,

- against -

FERESHTE KHODABAKHSH, JACOB KHOBIAN, and PAPER SOURCE CONVERTING & MANUFACTURING, INC.,

          Defendants.

**ORDER**

17 Civ. 10028 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    Pro se Plaintiff Mehdi Gabayzadeh seeks leave to file an Amended Complaint against Defendants Fereshte Khodabakhsh, Jacob Khobian, and Paper Source Converting & Manufacturing, Inc. ("Paper Source"). Plaintiff and Defendants have moved for sanctions against each other pursuant to Federal Rule of Civil Procedure 11.

    On February 19, 2019, this Court granted Defendants' Rule 12(b)(6) motion to dismiss. (Dkt. No. 20) This Court's dismissal order granted Plaintiff leave to amend (see id. at 18), and on March 20, 2019, Plaintiff filed the instant motion and proposed Amended Complaint. (Dkt. Nos. 21-22) For the reasons stated below, Plaintiff's motion for leave to file an Amended Complaint will be denied as futile. The parties' motions for sanctions will likewise be denied.

## BACKGROUND

    The proposed Amended Complaint alleges that Plaintiff and Defendants entered into several agreements between 2001 and 2005, and that Defendants did not perform as promised under those agreements. According to Plaintiff, Defendants agreed to purchase the assets of American Tissue Mills of Greenwich ("ATMG") – a company of which Plaintiff was

chief executive officer, president, and 50% owner – in bankruptcy, and to hold these assets in trust for Plaintiff while he was incarcerated. (Proposed Amended Complaint ("PAC") (Dkt. No. 22) ¶¶ 4, 7-8) Defendants also agreed to "settle all 'loan' accounts" with Plaintiff, and pay for equipment purchased from Plaintiff. (Id. ¶ 138) And Defendants agreed to oversee one of ATMG's accounts – Ralph's Supermarket – while Plaintiff was incarcerated. (Id.) These allegations in the proposed Amended Complaint are identical to allegations pled in the December 22, 2017 Complaint. (Dkt. No. 1)[1]

Plaintiff submitted his proposed Amended Complaint on March 20, 2019 (Dkt. No. 21), and filed his motion for sanctions on May 7, 2019. (Dkt. No. 25) Defendants filed their motion for sanctions on May 20, 2019. (Dkt. No. 28)

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Leave to Amend Standard

District courts "ha[ve] broad discretion in determining whether to grant leave to amend." Gurary v. Winehouse, 235 F.3d 793, 801 (2d Cir. 2000). "[L]eave to amend should be freely granted when 'justice so requires.'" Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) (quoting Fed. R. Civ. P. 15(a)); Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995) ("The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'") (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

---

[1] These allegations are discussed in greater detail in the Court's February 19, 2019 Order granting Defendants' motion to dismiss. See Dkt. No. 20.

2

However, leave to amend may properly be denied in cases of "'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman, 371 U.S. at 182). Accordingly, "'[w]here it appears that granting leave to amend [would be futile or] is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.'" See Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)).

### B. Sanctions Standard

"Rule 11 imposes an 'affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading' before actually signing it." O'Malley v. New York City Transit Auth., 896 F.2d 704, 706 (2d Cir. 1990) (quoting Eastway Construction Corp. v. City of New York, 762 F.2d 243, 253 (2d Cir.1985)). By signing or filing a complaint, an attorney is certifying that to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" Fed. R. Civ. P. 11(b). "In determining whether a signer has violated Rule 11, a district court applies an objective standard of reasonableness." Derechin v. State Univ. of N.Y., 963 F.2d 513, 516 (2d Cir. 1992). "[T]he reasonableness of an inquiry depends upon the surrounding circumstances, including 'such factors as how much time for investigation was

available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading . . . ; or whether he depended on forwarding counsel or another member of the bar.'" Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329 (2d Cir. 1995) (quoting Advisory Committee Note on 1983 amendment to Fed. R. Civ. P. 11).

"Drawing a line between zealous advocacy and frivolous conduct, Rule 11 provides a vehicle for sanctioning an attorney, a client, or both." United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1343 (2d Cir. 1991). "Rule 11(c) provides in pertinent part that '[i]f . . . the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction. . . .'" Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004) (quoting Fed. R. Civ. P. 11(c)). "The decision whether to impose a sanction for a Rule 11(b) violation is thus committed to the district court's discretion." Id. (collecting cases).

The Second Circuit has cautioned, however, that decisions regarding the imposition of Rule 11 sanctions should be "made with restraint and discretion." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir.1999)). "Doubts as to the viability of a signed pleading, are to be resolved in favor of the signer." O'Malley, 896 F.2d at 706 (citing Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir.1986)).

"Rule 11 and principles of due process require that 'the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense.'" Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012) (quoting Schlaifer, 194 F.3d at 334). Under Rule 11's "safe harbor provision," the sanctions motion "must not be filed or be

4

presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P 11(c)(2).

"While it is true that Rule 11 applies both to represented and pro se litigants, the court may consider the special circumstances of litigants who are untutored in the law." Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989); see also Zimmerman v. UBS AG, No. 17 Civ. 4503 (JMF), 2018 WL 4054860, at *5 (S.D.N.Y. Aug. 24, 2018) ("declin[ing to impose sanctions], primarily because [plaintiff] is proceeding pro se"). However, "[t]he fact that a litigant appears pro se does not shield him from Rule 11 sanctions[,] because 'one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" Malley v. New York City Bd. of Educ., 207 F. Supp. 2d 256, 259 (S.D.N.Y. 2002) (quoting Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988)).

## II. ANALYSIS

### A. Proposed Amended Complaint

As discussed above, "'[w]here it appears that granting leave to amend [would be futile or] is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.'" See Lucente, 310 F.3d at 258 (quoting Ruffolo, 987 F.2d at 131). Granting leave to amend would be futile in a case where the amended complaint would not survive a motion to dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual

5

enhancement,'" id. (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). While legal conclusions "can provide the complaint's framework, they must be supported by factual allegations." Id. at 679.

Here, Plaintiff seeks to file an Amended Complaint that contains no new factual allegations. Indeed, the Complaint and the proposed Amended Complaint are virtually identical, except that certain allegations pled in the Complaint are not repeated in the proposed Amended Complaint. In its February 19, 2019 Order, this Court ruled that all of Plaintiff's claims were either time-barred or did not state a claim upon which relief could be granted. (See Feb. 19, 2019 Order (Dkt. No. 20) at 14-17)[2] The proposed Amended Complaint does not cure any of the defects identified by the Court in the February 19, 2019 Order. Accordingly, granting Plaintiff leave to file the proposed Amended Complaint would be futile, because the proposed Amended Complaint would not survive a motion to dismiss. Therefore, Plaintiff's motion for leave to file the proposed Amended Complaint will be denied.

**B.    Sanctions Motions**

**1.    Plaintiff's Motion for Sanctions**

Plaintiff moves for sanctions on the ground that "Defendants have attempted to intimidate and harass Plaintiff with threats if he [proceeds] in protecting and enforcing his legal rights under the law and as per the Court's Decision and Order of February 19, 2019." (Pltf. Mot. for Sanctions Br. (Dkt. No. 26) at 7) In support of his motion, Plaintiff cites an April 4,

---

[2] All references to page numbers in this Order are as reflected in this District's Electronic Case Filing system.

2019 letter from defense counsel, in which defense counsel "attached a draft notice of motion for Rule 11 sanctions." Defense counsel's letter states that Defendants "intend to file [the sanctions motion] if [Plaintiff's motion for leave to file an amended complaint] is not withdrawn within twenty-one (21) days." (Id. at 5, 11)

Plaintiff misconstrues Defendants' April 4, 2019 letter as an "attempt[] to intimidate and harass Plaintiff with threats." (Id. at 7) It is obvious from context that the Defendants sent the April 4, 2019 letter in compliance with Fed. R. Civ. P. 11(c)(2), which requires a party moving for sanctions to give the adversary notice of the proposed sanctions motion, and an opportunity to "withdraw[] or appropriately correct[]" the offending pleading, motion, or brief. Fed. R. Civ. P. 11(c)(2). The April 4, 2019 letter does not make any threats, but rather "demand[s] that [Plaintiff] withdraw [his] motion for leave to file an amended complaint." (Pltf. Mot. for Sanctions Br. (Dkt. No. 26) at 11) The letter also includes legal arguments that generally track the motion for sanctions that Defendants ultimately filed. (Id. at 11-15; see also Def. Mot. for Sanctions (Dkt. No. 28)) In sum, Defendants' April 4, 2019 letter provides no basis for this Court to award sanctions against Defendants.

Moreover, Plaintiff's motion for sanctions is not directed at any filing by Defendants that was certified pursuant to Fed. R. Civ. P. Rule 11(b), and Plaintiff did not comply with the time periods specified in Fed. R. Civ. P. 11(c)(2), having filed his sanctions motion on May 7, 2019, when Plaintiff's Rule 11 notice was not served on Defendants until May 1, 2019. (Pltf. Mot. for Sanctions Br. (Dkt. No. 26); Def. Mot. for Sanctions (Dkt. No. 28), Ex. 5 at 13)

Accordingly, Plaintiff's motion for sanctions will be denied.

### 2. **Defendants' Motion for Sanctions**

Defendants move for sanctions on the grounds that: (1) "the content of the

motion to amend . . . is the same as Plaintiff's opposition to the motion to dismiss"; (2) "Plaintiff's proposed Amended Complaint is substantively identical to the original Complaint and fails to plead any new or different allegations"; and (3) "Plaintiff has expressly told Defendants that he is pursuing this action for the improper purpose of harassing Defendants." (Def. Mot. for Sanctions (Dkt. No. 28) at 2) Defendants' first two contentions are correct.

Defendants' third contention is premised on an affidavit filed by Defendant Kodabakhsh. (Kodabakhsh Aff. (Dkt. No. 28), Ex. 1) Kodabakhsh – who is Plaintiff's brother – asserts that Plaintiff has demanded money from her, stating that if the Defendants do "not pay him, he would file lawsuits against us for years, and that we would be so busy responding to these lawsuits that we would not be able to run our company. He told me that if we did not pay, he would put us through hell for the next five years." (Id. ¶¶ 3-6) After she and the other Defendants "refused to pay [Plaintiff,] . . . he filed this lawsuit against us months later in December 2017." (Id. ¶ 8) Kodabakhsh further states: "based upon conversations I have had with other family members in April 2019, I understand that plaintiff . . . intends to use the courts to cause us to spend more time and money defending more lawsuits [and] intends to file seven or eight additional lawsuits against us if we do not pay him." (Id. ¶ 9) Kodabakhsh further reports that on May 7, 2019, she and her company "were served with another lawsuit brought by plaintiff in federal court in California." (Id. ¶ 10)

These allegations are troubling, because no Plaintiff, whether represented by counsel or proceeding pro se, can use the judicial system to harass others with frivolous lawsuits. But Defendants' Rule 11 motion is directed at Plaintiff's motion for leave to file an amended complaint (Def. Mot. for Sanctions (Dkt. No. 28) at 1), and that motion was filed with the explicit leave of this Court. (See Feb. 19, 2019 Order (Dkt. No. 20) at 18)

Defendants argue, however, that "Plaintiff has demonstrated the ability to locate and understand applicable law . . . and has access to counsel." (Def. Mot. for Sanctions Br. (Dkt. No. 29) at 18) And they cite a case from this District in which a court imposed sanctions on "'a sophisticated and intelligent international businessman.'" (Id. at 19 (quoting Durant v. Traditional Investments, Ltd., 135 F.R.D. 42, 49-50 (S.D.N.Y. 1991))) In Durant, however, "[the] sanctionable conduct [was] in the form of factual misrepresentation," and "the Court believe[d] that [the sanctioned party was] continuing to receive in-house legal advice, despite his putative pro se status." Durant, 135 F.R.D. at 49. Here, by contrast, the alleged sanctionable conduct does not involve factual misrepresentation, and there is no reason to believe that Plaintiff's pleadings were prepared by or with the assistance of a lawyer.

Given Plaintiff's pro se status, sanctions are not warranted at this time. See Zimmerman, 2018 WL 4054860, at *5 ("declin[ing] to impose sanctions], primarily because [plaintiff] is proceeding pro se"). Plaintiff is warned, however, that the filing of another meritless action or motion relating to the claims he advances here may result in monetary sanctions.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to amend is denied with prejudice, and the parties' motions for sanctions are likewise denied. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 21, 25, and 28) and to close this case.

Dated: New York, New York
March 9, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge